**PIN QIU CHEN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General, Respondent.[1]**

No. 08–3189–ag.

United States Court of Appeals, Second Circuit.

May 12, 2009.

Feng Li, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Barry J. Pettinato, Assistant Director; Julia J. Tyler, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. JOSÉ A. CABRANES and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Pin Qiu Chen, a native and citizen of China, seeks review of a June 5, 2008 order of the BIA affirming the November 8, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Pin Qiu Chen*, No. A97 333 878 (B.I.A. Jun. 5,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

2008), aff'g No. A97 333 878 (Immig. Ct. N.Y. City Nov. 8, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir.2008).[2]

Substantial evidence supports the IJ's adverse credibility determination. The IJ reasonably relied, in part, on discrepancies regarding the duration and location of Chen's detention. While Chen stated that he was arrested and detained for three days, he later testified that he was released five days later. *See Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106–07 (2d Cir.2006) (stating that an IJ may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence). Additionally, Chen testified that he was detained at the "police station," at a "jail," and in "a building like a detained place." The IJ also properly relied on this discrepancy, observing that Chen gave "three different statements regarding this particular jail cell." *Id.* Although Chen argues that he was not afforded an opportunity to explain the perceived discrepancies, the IJ confronted him with the discrepancies, and provided him with an opportunity to explain them, and properly rejected his explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). Further, contrary to Chen's

argument, under the REAL ID Act, the IJ properly relied on the inconsistencies regardless of whether they were minor. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 167.

In making his adverse credibility determination, the IJ also properly relied on the lack of specificity in Chen's testimony regarding where his grandmother obtained the Falun Gong flyers she asked him to distribute and regarding her detention. The IJ probed for additional details, but found that Chen did not "know why or who or how [his grandmother] got these [flyers] or why she wanted him to distribute them." The IJ also found that Chen's testimony lacked specificity concerning his grandmother's detention, observing that "he talked about his grandmother being detained but yet when asked where and how, he sa[id] he d[id]n't know." Therefore, where the IJ probed for details, it was proper for him to rely on Chen's lack of specificity in making his adverse credibility finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir.2005). The IJ also did not err in noting the absence of documentary support in the record where the absence of such corroboration rendered Chen unable to rehabilitate his testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006).

Ultimately, the agency's adverse credibility determination and the resulting denial of Chen's application for asylum were supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165–66. Because Chen based his claims for withholding of removal and CAT relief on the same factual predicate as his asylum claim, those

---

**2.** The asylum application in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231

(2005). *See* Title I, § 101(a)(3) of the Act, 119 Stat. 231, 303 (amending 8 U.S.C. § 1158); *see also Xiu Xia Lin*, 534 F.3d at 165.

claims necessarily fail. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).